IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. GREEN


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

DONALD C. GREEN, APPELLANT.


Filed October 11, 2022.    No. A-22-046.


Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Abby Osborn, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.


PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Donald C. Green appeals from his plea-based convictions and sentences on one count of domestic assault and one count of resisting arrest. Green assigns that the district court for Lancaster County erred in ordering his sentences to be served consecutively, and Green assigns four claims of ineffective assistance of trial counsel. For the reasons that follow, we affirm.

## BACKGROUND

On August 13, 2021, the State filed a criminal complaint in the county court for Lancaster County, charging Green with one count of domestic assault in the third degree, subsequent offense, and one count of resisting arrest, subsequent offense. Green faced Class IIIA felony convictions on both counts. Green appeared for a preliminary hearing on October 22, and the State moved for a continuance, which was granted over Green's objection. On November 4, Green waived his right to a preliminary hearing, and the case was bound over to the district court.

Thereafter, pursuant to a plea agreement, the State filed an amended information, charging Green with one count of domestic assault in the third degree, first offense (count 1), and one count of resisting arrest, first offense (count 2). Green faced Class I misdemeanor convictions on both counts in the amended information. Green pleaded no contest to the charges in the amended information, and the district court found him guilty on both counts. The court ordered a presentence investigation and set the case for sentencing. On December 30, 2021, the district court sentenced Green to consecutive sentences of 360 days of incarceration on count 1 and 240 days of incarceration on count 2, and Green was given credit for 139 days served. Green appeals through new counsel.

ASSIGNMENTS OF ERROR

Green assigns that the district court erred in ordering his sentences to run consecutively. Green also raises four claims of ineffective assistance of trial counsel.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *Id.* In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

*Sentencing.*

Green assigns that the district court abused its discretion in ordering his sentences to run consecutively as opposed to concurrently. Green argues that his sentences should have been concurrent because "his conviction for resisting arrest arises from the same transaction as his [conviction] of domestic assault because he was being arrested for domestic assault at the time he resisted." Brief for appellant at 14. It is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017). This is true even when the crimes arise out of the same incident. *Id.* While Green is correct that his convictions arose out of the same incident, he was nevertheless charged and convicted of two separate crimes. Thus, the district court had discretion to sentence him concurrently or consecutively. Upon our review of the record, we cannot say it was an abuse of discretion to order Green's sentences to run consecutively.

*Ineffective Assistance of Trial Counsel.*

Green purports to raise four distinct claims of ineffective assistance of counsel, however, his first assignment of error simply states "Trial counsel provided ineffective assistance of counsel to [Green] in violation of his 6th Amendment rights." Brief for appellant at 4. When raising an ineffective assistance claim on direct appeal, an appellant must make specific allegations of the

conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *Id.* Thus, Green's first claim of ineffective assistance was not raised with the requisite specificity, and we decline to address it.

Green's remaining three claims generally allege that trial counsel was ineffective in advising Green on the waiver of various rights. First, Green argues that trial counsel was ineffective in advising him to waive his right to a preliminary hearing before the county court. In support of this claim, Green states only that he was prepared to proceed with a preliminary hearing, and that "the matter would have been dismissed" if a preliminary hearing had been held. Brief for appellant at 9. However, Green fails to explain on what basis the matter would have been dismissed if such a hearing had taken place, such as how he would have challenged whether a crime had been committed and whether there was probable cause that he committed the crime. Instead, Green's argument is simply conclusory in nature, and we decline to address it. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022) (where appellant's brief contains conclusory assertions unsupported by coherent analytical argument, appellant fails to satisfy requirement that party asserting alleged error must both specifically assign and specifically argue it in party's initial brief).

While assigned as two separate claims, Green combines his third and fourth ineffective assistance claims, arguing that trial counsel "coerc[ed]" Green to waive his right to trial and to plead no contest without adequately informing Green of the repercussions. Brief for appellant at 8. Green points to an off-the-record conversation with counsel where Green allegedly informed counsel that he wanted to proceed to trial, and counsel allegedly refused. While the appellate record does not reveal the nature of this off-the-record discussion, we nevertheless conclude the record affirmatively rebuts Green's claim that his plea, and the attendant waiver of rights, was the result of deficient performance of trial counsel.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blake, supra.* The record is sufficient to resolve on direct appeal a claim of ineffective assistance of counsel if the record affirmatively proves or rebuts either deficiency or prejudice with respect to the defendant's claims. *Id.* To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

The off-the-record conversation with counsel to which Green refers occurred in the middle of a lengthy colloquy between Green and the court regarding Green's plea and the repercussions thereof. Throughout this exchange, Green maintained that he understood the rights he would be giving up by entering a no contest plea, and the court found beyond a reasonable doubt that Green understood his rights and waived them freely, voluntarily, knowingly, and intelligently. Despite Green's assertion on appeal that counsel refused his request to proceed to trial, Green answered in the negative when the court asked whether counsel had "refused or neglected to do anything you have asked of him." Moreover, Green answered in the negative when the court asked whether anyone had "in any manner whatsoever" induced or coerced him into entering a no contest plea.

In light of the district court's detailed advisories, and Green's statements on the record, we conclude Green's third and fourth ineffective assistance claims are refuted by the record.

## CONCLUSION

We conclude the district court did not abuse its discretion in ordering Green's sentences to run consecutively. Further, Green's ineffective assistance claims are either insufficiently stated or otherwise refuted by the record. Accordingly, we affirm Green's convictions and sentences.

AFFIRMED.